[Crim. No. 3518.   Second Dist., Div. One.   Jan. 5, 1942.]

THE PEOPLE, Respondent, v. LE ROY JONES, Appellant.

John S. Cooper for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

DORAN, J.—After the waiver of a trial by jury, appellant was tried by the court and convicted upon all six counts of

an information charging him with robbery. Appellant admitted a prior conviction for a felony after the information had been amended by interlineation to show the true facts regarding the same. This appeal is taken from the order denying appellant's motion for a new trial and from the judgment of conviction. Appellant contends that he was not accorded a fair trail and that the court abused its discretion in denying a motion made by appellant for a continuance of the trial in order to be allowed time to produce certain witnesses.

Appellant's principal defense was an alibi, namely, that he was elsewhere at the time of the commission of the crimes with which he was charged. It appears that no attempt was made to subpoena the witnesses for appellant until shortly before the trial date; and it was then discovered that several of the witnesses could not be located, two of them were outside the state and one was ill in the county hospital. The witnesses in question were to be called upon for the purpose of proving appellant's alibi; and it was stipulated at the trial that if present they would corroborate appellant's testimony in this regard. While appellant indicates that the late effort at subpoenaing witnesses was due to substitution of counsel, it appears that throughout the proceedings appellant was represented either by the public defender or by private counsel. Other witnesses were called on behalf of appellant and testified as to his alibi. Upon the motion for a new trial the court stated: ". . . regarding the absence of certain witnesses you will recall that the district attorney stipulated with you as to what they would testify. I also had before me at that time I think three of these alibi witnesses. There were three or four and I got a very good idea of what the type and kind of testimony that (they) would give would be. There was little merit in the testimony of any of them. Their attempts at proving and establishing an alibi were really quite futile and would raise no doubt in anybody's mind but that they were friendly to this defendant and were doing their best to get him out of a bad hole. The testimony of the other witnesses, however, was very conclusive and very substantial and not shaken in any way. As far as this court is concerned there is no reasonable doubt whatever of this man's guilt . . ." The case for the prosecution hinged largely upon the ability of certain witnesses to identify appellant as the man who held them up. The identifications made

were of a sufficiently positive nature. Appellant is a negro and the robberies in question were committed at night, but were all committed at lighted service stations. It appears from the testimony of a police officer that after his arrest appellant was taken to the several service stations and in some instances demonstrated to the police the manner in which he had committed the holdups. On direct examination appellant testified that on the night of one of the offenses charged he was in a barber shop at the time of the alleged offense, 10 o'clock. On cross-examination he stated that on that night he was home in bed about 8:30 or 9 o'clock. When confronted with this inconsistency, appellant merely stated that he "wasn't there in May," meaning the barber shop. It is clear from the record, and from the circumstances of the case there shown, that the absent witnesses could have added little if anything to appellant's defense by appearing and testifying, and that the evidence adduced at the trial was sufficient to establish the guilt of appellant beyond a reasonable doubt. The failure to have the absent witnesses produced and the refusal of the court to allow a continuance in order to obtain the said witnesses could not, therefore, be held to have been prejudicial to appellant; and the court, under the circumstances, did not abuse its discretion in denying appellant's motion for a continuance.

██ Appellant also contends that the evidence was insufficient to warrant his conviction, but that contention has already been answered above. ██ In this connection, though not pertinent to the instant case, appellant states: ". . . regardless of how or in what manner it may be said, no criminal case is tried unless both circumstantial and direct evidence is introduced." This is an incorrect statement. A defendant may be convicted upon circumstantial evidence alone if such evidence is consistent with his guilt and inconsistent with his innocence. (See 8 Cal. Jur. 191.)

It does not appear from the record that there was any miscarriage of justice; and appellant was accorded a fair hearing at the trial.

The judgment and the order denying the motion for a new trial are affirmed.

York, P. J., and White, J., concurred.